## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMAA ANTHONY CINQUE, | ) | 3:11-cv-00490-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 18, 2013 |
| | ) | |
| KELLY R. BELANGER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>KATIE LYNN OGDEN</u>   REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Notice of Motion - Motion for Erratum" (Doc. # 47).  Therein, Plaintiff seeks to "correct" the date when he allegedly had a conversation with Defendant Lindberg about Plaintiff needing certain "protection" from July 3, 2010, to July 6, 2010 (*id*. at 2).

Defendants have opposed and/or moved to strike Plaintiff's "motion/notice" (Doc. # 48). Defendants contend that Plaintiff's filing is a motion to amend, the time for which has expired and that Plaintiff has failed to attach a complete copy of the proposed amended pleading (*id*. at 2-3). More substantively, Defendants argue that Plaintiff's filing "attempt[s] to correct a fatal flaw in his claim against Defendant Lindberg." In that regard, Defendant Lindberg's motion for summary judgment (Doc. 38) included an argument that he was not working on the date when Plaintiff's complaint alleges he and Sgt. Lindberg allegedly had a conversation - when Plaintiff claims he advised the Defendant that he feared for his safety (*id*. at 6, 7, 13; Lindberg declaration, Doc. # 38-1). Thus, he contends Plaintiff's amendment or date correction would prejudice the defense he has submitted.

While Defendant is technically correct the time has expired under the Scheduling Order to seek to amend an action, Fed. R. Civ. P 15(a)(2) allows an amendment before trial upon leave of court - and that "the court should freely give leave when justice so requires." While Plaintiff's "notice/motion" might technically be interpreted as a motion to amend his complaint, it might also

**MINUTES OF THE COURT**
3:11-cv-00490-LRH-WGC
Date:  January 18, 2013
Page 2

be interpreted as an effort by a *pro se* inmate to correct a mistake.  Such pleadings are to liberally construed.  *Eldridge v Block*, 832 F. 2d 1132, 1137 (9th Cir 1987); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The courts have a duty to ensure *pro se* litigants do not lose a right to a hearing on the merits due to their ignorance of technical procedural requirements. *Balistreri v Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990).

To that extent, therefore, **Plaintiff's "Notice/Motion" (Doc. # 47) is <u>GRANTED</u> and Defendants' Opposition/Motion to Strike (Doc. # 48) is <u>DENIED</u>.**

The court notes that Sgt. Lindberg's motion might be prejudiced by reason of this amendment. Although Sgt. Lindberg's Declaration (Doc. # 38-1) denies he had the purported conversation on July 3, 2010, because he (Sgt. Lindberg) was not working that date (*id*. at para 6), the court notes that Sgt. Lindberg did not unequivocally deny that he had that conversation on any other date (in that respect, however, the court also notes that Sgt. Lindberg states that had there been such a conversation, he would have "immediately placed Mr. Cinque into administrative segregation based on this safety concerns..." *id*. at para 9).  Accordingly, because this court grants Plaintiff's attempt to "correct" the date on which this conversation was alleged to have occurred, and because Sgt. Lindberg has not unequivocally denied that he had no such conversation on that date - or any other date, if he desires, Defendant Lindberg will be allowed to supplement his motion for summary judgment.  Any such supplement shall be filed no later than **January 31, 2013**.  Plaintiff shall be entitled to reply thereto and any such reply shall be filed no later than **February 14, 2013**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK


By: _____/s/_____
            Deputy Clerk